UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Dennis Quiggle,<br>Petitioner<br>-vs-<br>Charles L. Ryan, et al.,<br>Respondents. | CV-14-1142-PHX-SRB (JFM)<br><br>**Report & Recommendation On Petition<br>For Writ Of Habeas Corpus** |

# I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 28, 2014 (Doc. 1). On July 1, 2014, Respondents filed their Limited Answer (Doc. 8), asserting defenses of the statute of limitations and procedural default. Petitioner filed a Reply on July 29, 2014 (Doc. 9).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

# II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
## A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

On April 16, 2010, Petitioner was charged in a Direct Complaint with one count of sexual conduct with a minor, and two counts of molestation of a child. (Exhibit G.) (Exhibits to the Limited Answer, Doc. 8 are referenced herein as "Exhibit ___.")

Petitioner eventually entered into a written Plea Agreement (Exhibit A), wherein he agreed to plead no contest to three counts of attempted molestation of a 6 year old child, with a stipulated sentence of 10 years on the first count, and lifetime probation on the other two counts. Petitioner was represented by counsel. (*Id*.) Petitioner entered his plea pursuant to the plea agreement, and the plea was accepted. (Exhibit B, M.E. 1/27/11.) On March 4, 2011, Petitioner was sentenced to ten years on the first count, and consecutive terms of lifetime probation on the other two counts. (Exhibit C, Sentence.)

**B. PROCEEDINGS ON DIRECT APPEAL**

Petitioner did not file a direct appeal. (Petition, Doc. 1 at 2.)

Moreover, as a pleading defendant, Petitioner had no right to file a direct appeal. *See* Ariz.R.Crim.P. 17.1(e); and *Montgomery v. Sheldon*, 181 Ariz. 256, 258, 889 P.2d 614, 616 (1995).

**D.  PROCEEDINGS ON POST-CONVICTION RELIEF**

**First PCR Proceeding** - On December 1, 2011, almost nine months after his sentence, Petitioner filed a Notice of Post-Conviction Relief (Exhibit D), asserting a claim of actual innocence. On December 12, 2011, the PCR court summarily dismissed the notice, noting that Petitioner had proffered nothing to support his allegations of actual innocence, citing to Ariz. R. Crim. P. 32.5, and concluding that Petitioner "fails to state a claim for which relief can be granted in an untimely Rule 32 proceeding." (Exhibit E, M.E. 12/12/11 at 2.)

Petitioner did not seek further review. (Petition, Doc. 1 at 5.)

**Second PCR Proceeding** – Almost five months later, n May 1, 2012, Petitioner filed a second Notice of Post-Conviction Relief, asserting a significant change of the law under *Missouri v. Frye*, 132 S.Ct. 1339 (March 21, 2012) (ineffective assistance in failing to communicate plea offer) and *Lafler v. Cooper*, 132 S.Ct. 1376 (March 21, 2012) (ineffective assistance leading to rejection of favorable plea offer). (Petition, Doc.

2

1, Exhibits, at physical page 12). The PCR court observed that neither *Frye* nor *Lafler* applied because Petitioner was provided the plea offer, and took it. Consequently, the PCR court concluded that the claim was not founded upon an applicable change in the law, and thus the notice was untimely and precluded as successive. (Exhibit F, M.E. 5/7/12.)

Petitioner filed a Motion for Reconsideration, which was summarily denied for failure to attach a mailing certificate. (Petition, Doc. 1, Exhibits at physical page 19.)

Petitioner then filed a Petition for Review. (*Id.* at physical page 31, "Appellant's Opening Brief.") That petition was summarily denied by the Arizona Court of Appeals on August 8, 2013. (*Id.* at physical page 23, Order 8/8/13.) Petitioner moved to extend the time to seek reconsideration, which was denied. (*Id.* at physical page 24, Order 8/27/13.) Petitioner was, however, granted an extension of time to file a petition for review. (*Id.* at physical page 25, Order 9/10/13.)

Ultimately, Petitioner filed a petition for review by the Arizona Supreme Court. (*Id.* at physical page 27, "Motion for Review" 10/18/13.) That petition was summarily denied on March 27, 2014. (*Id.* at physical page 26, Order 3/27/14.)

### E.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** – Two months later, Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 28, 2014 (Doc. 1). Petitioner's Petition asserts the following two grounds for relief:

1. Ineffective assistance of trial counsel arising out of advice regarding the potential for using interviews of the victim in lieu of testimony. (Petition, Doc. 1 at 6.)
2. Denial of due process as a result of the trial judge's active participation in plea negotiations. (*Id.* at 7.)

Petitioner argues that any untimeliness should be excused because his first PCR petition was filed upon discovering that his attorney rendered bad advice on the 6th Amendment, and his second PCR was founded upon a change in the law.

**Response** - On July 1, 2014, Respondents filed their Response ("Limited Answer") (Doc. 8). Respondents argue that the Petition is barred by the habeas statute of limitations, and Petitioner has procedurally defaulted on his available state remedies.

**Reply** - On July 29, 2014, Petitioner filed a Reply (Doc. 9). Petitioner concedes that his first PCR petition was untimely, and that such untimeliness resulted from his lack of knowledge of applicable rules. (*Id.* at 2.) He argues that his second PCR petition was properly founded upon changes in the law. (*Id.* at 2-3.) With regard to the procedural default defense, Petitioner argues that his claims were presented in his petitions for review to the Arizona Court of Appeals and to the Arizona Supreme Court.

### III. APPLICATION OF LAW TO FACTS

**A. TIMELINESS**

**1. One Year Limitations Period**

Respondents assert that Petitioner's Petition is untimely. As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. 28 U.S.C. § 2244(d). Petitions filed beyond the one year limitations period are barred and must be dismissed. *Id.*

**2. Commencement of Limitations Period**

**Conviction Final** - The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] Later commencement times can result from a state created impediment, newly recognized constitutional rights, and newly discovered factual predicates for claims. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Except as discussed hereinafter, Petitioner proffers no argument that any of these apply.

4

For an Arizona noncapital pleading defendant, the conviction becomes "final" at the conclusion of the first "of-right" post-conviction proceeding under Rule 32. "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)." *Summers v. Schriro,* 481 F.3d 710, 717 (9th Cir. 2007). "To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review." *Id.* at 715 (citing Ariz. R.Crim. P. 32.4(a)).

Here, Petitioner's did not file an "of-right proceeding," and his time to do so expired on Thursday, June 2, 2011, 90 days after his sentence of March 4, 2011. (His first PCR notice was not filed until December 1, 2011, almost six months after the expiration of this deadline.)

Accordingly, Petitioner's conviction was final, and his habeas statute of limitations ordinarily would have begun running, on June 3, 2011.

**<u>New Rule</u>** –  The habeas limitations statue provides a later commencement date of "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2244(d)(1)(C). Petitioner argues that his Petition is based on new rules adopted by the U.S. Supreme Court in *Frye* and *Lafler*, decided March 21, 2012.  "[N] neither *Frye* nor *Lafler* can form the basis for an application for a second or successive motion because neither case decided a new rule of constitutional law." *Buenrostro v. U.S.*, 697 F.3d 1137, 1140 (9th Cir. 2012).  *See also In re Liddell,* 722 F.3d 737, 738 (6th Cir.2013) (*per curiam*) (citing cases); and *Pagan-San Miguel v. U.S.*, 736 F.3d 44, 45 (1st Cir. 2013).

Moreover, even assuming *Frye* and *Lafler* established a new constitutional right, § 2244(d)(1)(C) requires that such a new right be made "retroactively applicable to cases on collateral review."  Petitioner points to no decision by the Supreme Court making *Frye* or *Lafler* retroactively applicable.  The undersigned has found none.

Thus, Petitioner's claim in his Petition is not founded on a constitutional right within the purview of 28 U.S.C. § 2244(d)(1)(D), and the finality of his conviction remains the proper commencement date for his habeas limitations period.

**<u>Newly Discovered Factual Predicate</u>** – In addition, section 2244(d)(1)(D) does provide an alternative commencement on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Thus, where despite the exercise of due diligence a petitioner was unable to discover the factual predicate of his claim, the statute does not commence running on that claim until the earlier of such discovery or the elimination of the disability which prevented discovery.

Here, Petitioner argues that his PCR petition was delayed because he was unaware of his claim in Ground One, asserting ineffective assistance on the issue of his 6th Amendment right to confront the victim. However, Petitioner proffers nothing to establish that he was unable to discover the factual predicate of his claim on a timely basis. Rather, he argues that he filed his first PCR petition "after I found out that what my attorney had said and done was in violation of the Sixth Amendment." (Petition, Doc. 1 at 11.) He acknowledges that trial counsel "informed him that the family of his alleged victim was not going to let her testify, that the state was going to be able to use the tapes from the interview instead," but asserts that "[w]hat petitioner's trial counsel failed to tell him was that by the state doing this was/is in direct violation of the confrontational clause of the Sixth Amendment of the U.S. constitution." (Reply, Doc. 9 at 3-4.)

Thus, it appears that Petitioner was been aware of the facts underlying his claim in Ground One since before sentencing, and it was only the legal significance of those facts which was unknown. Section 2244(d)(1)(D) does not extend to a lack of knowledge of the law, unless it constitutes a decision in Petitioner's own case. *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005). Thus, although Petitioner may not have discovered until filing his first PCR that he may have had a constitutional right to

demand that the victim testify, that fact does not extend the commencement of the habeas limitations period.

Moreover, the commencement is not delayed until actual discovery, but only until the date on which it "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner proffers nothing to suggest that he exercised due diligence in discovering his claim, and that he could not have discovered it until his first PCR petition was filed.

Finally, even if it is assumed that § 2244(d)(1)(D) applied, Petitioner was fully aware of his claim as of his December 1, 2011 first PCR petition. Thus, at best, his habeas statute of limitations would have begun running thereafter, and would have expired on December 1, 2012, long before the instant habeas petition was filed.

**Conclusion re Commencement** - Therefore, Petitioner's one year began running on June 3, 2011 (after the expiration of his time to commence an of-right PCR proceeding), and without any tolling expired on Monday, June 4, 2012,[2] making his May 28, 2014 Petition almost two years delinquent.[3]

### 3. Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This provision only applies to state proceedings, not to federal proceedings. *Duncan v. Walker*, 533 U.S. 167 (2001).

**First PCR Proceeding** - Petitioner's limitations period commenced running on June 3, 2011. Petitioner's first PCR proceeding was commenced when he filed his PCR Notice on December 1, 2011, before his limitations period expired. Because it does not

---

[2] Under Fed. R. Civ. P. 6(a), because the one year expired on Saturday, June 2, 2012, Petitioner had through the next business day, Monday, June 4, 2012.

[3] Petitioner's habeas Petition is dated May 22, 2014. (Petition, Doc. 1 at 11.) Even if this Court were to find that the Petition should be deemed filed as of that date rather than May 28, 2014, the 6 days difference would not be sufficient to make Petitioner's Petition timely.

7

alter the outcome, the undersigned treats the commencement date of this proceeding as the date of the signature of the notice, November 28, 2011. (Exhibit D, PCR Not. at 3.) That proceeding remained pending through December 12, 2011. (*See* Exhibit E, M.E. 12/12/11.)

Ordinarily, therefore, Petitioner's limitations period would be deemed statutorily tolled for no more than 14 days, from November 28, 2011 through December 12, 2011[4].

However, Respondents point out that statutory tolling of the habeas limitations period only results from state applications that are "properly filed," and an untimely application is never "properly filed" within the meaning of § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Respondents argue that Petitioner's first PCR petition was found to be untimely, and therefore was not properly filed and resulted in no statutory tolling.

Indeed, the PCR court concluded that Petitioner's PCR notice was untimely, despite Petitioner's reliance on the time limit exception in Arizona Rule of Criminal Procedure 32.1(h) for claims of actual innocence.

That determination was based upon a determination that Petitioner had not provided the facts underlying his claim of actual innocence. The ordinary requirements for a PCR notice are simply that it "bear the caption of the original criminal action or actions to which it pertains." And, although the Rule requires the court to "provide notice forms for commencement of all post-conviction relief proceedings," the use of such forms does not appear mandatory, nor are there any requirements for any detailed pleading in the notice.

Thus, to find the PCR notice inadequate, the PCR court asserted reliance on Arizona Rule of Criminal Procedure 32.5. However, Rule 32.5 establishes the criteria for a ***petition*** for post-conviction relief, and mandates that PCR ***petitions*** have detailed facts, etc.. Here, Petitioner was never permitted to file such a petition. Rather, as required by Ariz. R. Crim. P. 32.4, Petitioner first filed a "notice of post-conviction relief." Indeed,

---

[4] Even with such tolling, Petitioner's Petition would still be over six months delinquent.

under Rule 32.4(c), because Petitioner was "proceeding without counsel" he had "sixty days to file a petition from the date the notice is filed or from the date the request for counsel is denied." Thus, his PCR petition was not due to be filed until Monday, January 30, 2012, over a month and half after the PCR court had already dismissed the proceeding.

Nonetheless, Ariz. Rev. Stat. § 13-4232 does mandate that when an untimely PCR notice asserts a claim of actual innocence under Ariz. Rev. Stat. § 13-4231(5), "the notice shall set forth the substance of the claim and the reasons for not raising the claim in the previous petition or in a timely manner. If the notice does not state meritorious reasons substantiating the claim and why the claim was not stated in the previous petition or in a timely manner, the proceeding shall be summarily dismissed." *Cf. State v. Pruett*, 185 Ariz. 128, 132, 912 P.2d 1357, 1361 and n. 5 (Ariz. App. Div. 1 1995) (finding erroneous dismissal of PCR notice as untimely, before petition asserting delayed claims could be filed, but noting "recent statutory modifications" mandating "a petitioner attempting to raise such claims in a successive or untimely petition must set forth in the notice of post-conviction relief the substance of the claim and the reason for not raising it in the previous petition or in a timely manner").

Thus, the PCR court properly mandated that Petitioner lay out facts supporting his claim of actual innocence, albeit under Ariz. Rev. Stat. § 13-4232 rather than Ariz. R. Crim. P. 32.5. And, here, Petitioner plainly failed to state any such facts, and instead simply asserted that he had been "trying since I was sentence to prison to get the evidence that I need to prove the facts." (Exhibit D, PCR Notice at 3.)

Thus, the undersigned concludes that Petitioner's first PCR petition was untimely, was therefore not "properly filed," and as a result Petitioner is not entitled to any statutory tolling for its pendency.

**Second PCR Proceeding** – Petitioner also commenced his second PCR proceeding while his limitations period was running, by filing his second PCR notice on May 1, 2012. Because it does not alter the outcome, the undersigned treats the

9

commencement date of this proceeding as the date of the signature of the incorporated affidavit of indigency, April 24, 2012. (Petition, Doc. 1, Exhibits at physical page 14.) However, Respondents contend this proceeding was also dismissed as untimely, thus precluding any tolling.

Here, the PCR court noted that Petitioner relied upon the exception for a "significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence," under Ariz. R. Crim. P. 32.1(g). That exception, however, does not require that a change in the law actually apply to the defendant's case, for the exception to apply. Rather, the claim is considered timely as long as the law has changed, and that change (if determined to apply) would justify relief.

Here, the PCR court ultimately concluded that the changes asserted did not apply. That did not, however, mean that the exception did not apply or that the proceeding was untimely. *See Hess v. Ryan*, 651 F.Supp.2d 1004, 1022-1025 (D. Arizona 2009) (citing *State v. Slemmer*, 170 Ariz. 174, 823 P.2d 41 (1991)). It simply meant that Petitioner was not entitled to relief.

> When a new principle of law is articulated, a defendant whose conviction has become final may seek relief under Rule 32. That defendant is insulated from the rules of finality and preclusion when, as the rule contemplates, there "has been a significant change in the law applied in the process which led" to conviction or sentence. Whether relief may be obtained under Rule 32 then depends on the question of retroactive application of the new principle of law.

*State v. Slemmer*, 170 Ariz. 174, 184, 823 P.2d 41, 51 (1991) (*en banc*).

Consequently, at least with respect to Petitioner's claim of a change in the law, his second PCR proceeding was timely initiated, albeit ultimately unsuccessful.

Therefore Petitioner is entitled to statutory tolling for the pendency of this proceeding.

At the time this proceeding was commenced on April 24, 2012, Petitioner had used 326 days of his one year, and had only 39 days remaining. The proceeding

10

1  remained pending through September 10, 2013, when the Arizona Supreme Court denied
2  Petitioner's petition for review.  (Petition, Doc. 1 at Exhibit, at physical page 25.)
3  Petitioner's one year would have then begin running again on September 11, 2013, and
4  expired 39 days later, on Monday, October 21, 2013.  As a result, his May 28, 2014
5  Petition was over seven months delinquent.

**4. Equitable Tolling**

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'"  *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted).  "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.' " *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002)  (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.). Petitioner bears the burden of proof on the existence of cause for equitable tolling.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.").

Petitioner does not proffer any grounds for equitable tolling, and the undersigned finds none.

Petitioner does complain that he was ignorant of the law, and overwhelmed by

"facing the rest of his life in prison." (Reply, Doc. 9 at 5.)

With regard to Petitioner's lack of legal prowess, "[i]t is clear that *pro se* status, on its own, is not enough to warrant equitable tolling." *Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006). A prisoner's "proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). And, ignorance of the law is not grounds for equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

Nor would Petitioner's purported mental state establish grounds for equitable tolling. "Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an "extraordinary circumstance beyond [his] control," and the deadline should be equitably tolled." *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003). In *Bills v. Clark*, 628 F.3d 1092 (9th Cir. 2010), the Ninth Circuit articulated a two-part test to determine whether a mental impairment amounts to an "extraordinary circumstance" warranting equitable tolling. The impairment must have (1) been "so severe that the petitioner was unable personally…to understand the need to timely file…a habeas petition," and (2) "made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence." *Id*. at 1093.

Petitioner proffers nothing beyond his broad assertion that he was overwhelmed by his circumstances such that he was at "a substantial disadvantage." (Reply, Doc. 9 at 5.) A mere disadvantage is not enough to justify equitable tolling; rather, Petitioner must show that a timely habeas filing was impossible, *e.g.* that he was unable to understand the need for a timely filing. His bare allegations of being disadvantaged by his circumstances fails to assert that level of disability.

Moreover, Petitioner managed to file multiple state petitions during the running of his habeas limitations period. The ability to file petitions during the limitations period is

evidence that Petitioner's mental illness did not prevent him from filing a habeas petition. *See Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010); *Gaston v. Palmer*, 417 F.3d 1030, 1035 (9th Cir. 2005) ("Because [petitioner] was capable of preparing and filing state court petitions [during the limitations period], it appears that he was capable of preparing and filing a [federal] petition during the time in between those dates."), *modified on other grounds*, 447 F.3d 1165 (9th Cir. 2006); *see also Laws*, 351 F.3d at 923 ("Of course, a petitioner's statement [of mental illness], even if sworn, need not convince a court that equitable tolling is justified should countervailing evidence be introduced.").

Finally, even if extraordinary circumstances prevent a petitioner from filing for a time, equitable tolling will not apply if he does not continue to diligently pursue filing afterwards. "If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2nd Cir. 2000). *But see Lott v. Mueller*, 304 F.3d 918 (9th Cir. 2002), McKeown, J. dissenting (arguing that equitable tolling should work a stoppage of the clock, with a resulting extension of the deadline). Ordinarily, thirty days after elimination of a roadblock should be sufficient. *See Guillory v. Roe*, 329 F.3d 1015, 1018, n.1 (9th Cir. 2003). Petitioner proffers nothing to show that he acted diligently in the face of his circumstances. Here, some seven months elapsed since the conclusion of Petitioner's second PCR proceeding in which Petitioner demonstrated his capacity to pursue his claims. Petitioner makes no explanation for his failure to promptly file his federal petition after the conclusion of that proceeding.

On these circumstances, the undersigned finds no basis for equitable tolling of the habeas limitations period.

//

//

**5. Actual Innocence**

To avoid a miscarriage of justice, the habeas statute of limitations in 28 U.S.C. § 2244(d)(1) does not preclude "a court from entertaining an untimely first federal habeas petition raising a convincing claim of actual innocence." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1935 (2013). To invoke this exception to the statute of limitations, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). This exception, referred to as the "*Schlup* gateway," applies "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *Id.* at 1936 (quoting *Schlup,* 513 U.S. at 316). The petitioner must make a showing of actual innocence on each charge from which he seeks relief. *Vosgien v. Persson*, 742 F.3d 1131, 1136 (9th Cir. 2014). Moreover, "[i]n cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Bousley v. U.S.,* 523 U.S. 614, 624 (1998). In *Griffin v. Johnson*, 350 F.3d 956, 961 (9th Cir. 2003), the Ninth Circuit held "that habeas petitioners may pass *Schlup's* test by offering 'newly presented' evidence of actual innocence," and that the actual innocence determination is not limited to newly discovered evidence.

However, Petitioner makes no such claim of actual innocence in this proceeding.

Petitioner did assert such a claim in his first PCR proceeding. However, as discussed hereinabove, Petitioner failed to proffer anything to the PCR court to support that claim. In his second PCR notice, Petitioner again argued his innocence, but did so only by asserting that his "wife is an alibi witness and will testify she was with me and not where the accuser said she was at the time of the alleged crime." (Petition, Doc. 1 at Exhibits, at physical page 16, 2nd PCR Notice, Attachment A.)

However, Petitioner fails to present anything other than his conclusory allegations that his wife would provide an alibi. *Schlup* instructed that a claim of actual innocence

14

must be supported by "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was **not** presented at trial." *Schlup*, 513 U.S. at 324. Moreover, a petitioner may not simply allege that such evidence exists, but must present it to the habeas court, through affidavit of the witness, etc. *See Weeks v. Bowersox*, 119 F.3d 1342, 1352-1353 (8th Cir. 1997). Petitioner has not presented an affidavit from wife to support his allegation of an alibi. Nor does he proffer anything to suggest why such an affidavit should be deemed trustworthy.

Accordingly, there is no basis for a finding of actual innocence.

### 6. Summary re Statute of Limitations

Taking into account the available statutory tolling, Petitioner's one year habeas limitations period expired no later than October 21, 2013, making his May 28, 2014 Petition over seven months delinquent. Petitioner has shown no basis for additional statutory tolling, and no basis for equitable tolling or actual innocence to avoid the effects of his delay.

Consequently, the Petition must be dismissed with prejudice.

### B. OTHER DEFENSES

Respondents also argue that Petitioner has procedurally defaulted on his state remedies on his claims, barring habeas relief. Because the undersigned finds the petition plainly barred by the habeas statute of limitations, these other defenses are not reached.

### IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in

cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. Under the reasoning set forth herein, jurists of reason would not find it debatable whether the district court was correct in its procedural ruling.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ

of Habeas Corpus, filed May 28, 2014 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

### VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: September 19, 2014

14-1142r RR 14 09 12 on HC.docx

James F. Metcalf
United States Magistrate Judge