NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Dennis Quiggle,<br><br>            Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>            Respondents. | No. CV-14-01142-PHX-SRB<br><br>**ORDER** |

Petitioner, Jeffrey Dennis Quiggle, filed his Petition for Writ of Habeas Corpus on May 28, 2014. He signed and certified the mailing of his Petition on May 22. In his Petition he asserted two grounds for relief; ineffective assistance of trial counsel arising out of advice regarding the potential for using interviews of the victim in lieu of testimony and alleged denial of due process as a result of the trial judge's active participation in plea negotiations. Respondents filed a limited answer on July 1, 2014, asserting that the Petition was barred by the statute of limitations and procedural default. Petitioner filed his reply on July 29, 2014.

On September 19, 2014, the Magistrate Judge issued his Report and Recommendation concluding that the Petition was not timely filed within the one year habeas limitations period provided in 28 U.S.C. § 2244(d). The Magistrate Judge also concluded that Petitioner established no basis for equitable tolling of the habeas limitations period. The Magistrate Judge recommended that the Petition for Writ of Habeas Corpus be dismissed with prejudice and a Certificate of Appealability be denied.

Petitioner filed timely written objections on October 6, 2014. Respondents have filed no response to the objections.

The Court made a *de novo* review of the record and finds itself in agreement with the Report and Recommendation of the Magistrate Judge, except as to a factual error which does not change the outcome.

Petitioner's objections largely argue that his ignorance of the facts and the law resulted in his untimely filing of his state Petition for Post-Conviction Relief and re-argues his claim rejected both by the state court and by this Court that his second Petition for Post-Conviction Relief was timely based on a change in the law. Petitioner's objections are overruled. As noted by the Magistrate Judge, Petitioner's December 1, 2011, state court Notice of Post-Conviction Relief was filed almost nine months after he was sentenced and it was summarily dismissed because Petitioner had provided nothing to support his allegations of actual innocence. Petitioner does not dispute that he never sought further review of the dismissal of his first Post-Conviction Relief proceeding.

In May of 2012 Petitioner filed his second Notice of Post-Conviction Relief based on an alleged significant change in the law. The state court found that neither of the two recent Supreme Court cases cited by Petitioner applied to him. Therefore, because his second Post-Conviction Relief proceeding was not founded upon an applicable change in the law, it was untimely and precluded as successive. Petitioner did seek review of this dismissal, and his Petition for Review was summarily denied by the Arizona Supreme Court on March 27, 2014.

The pending Petition was filed on May 28, 2014, 62 days after the denial of his Petition for Review by the Arizona Supreme Court and was signed on May 22, 2014, 56 days after the denial of his Petition for Review by the Arizona Supreme Court. In his Report and Recommendation, the Magistrate Judge noted that at the time of the denial of his Petition for Post-Conviction Relief only 39 days remained of the one-year statute of limitations under the most generous tolling considerations. The factual error by the Magistrate Judge in his Report and Recommendation appears on page 11, line 1 where he

1  mistakenly stated that the Arizona Supreme Court denied the Petition for Review on
2  September 10, 2013.  In fact the Petition was denied on March 27, 2014.  This factual
3  error makes no difference in the outcome because whether using the filing date of May
4  28 or the signed date of May 22, the Petition in this Court was filed more than 39 days
5  after the recommencement of the running of the one-year statute of limitations.
6       IT IS FURTHER ORDERED overruling the objections of the Petitioner.
7       IT IS FURTHER ORDERED adopting the Report and Recommendation of the
8  Magistrate Judge as the Order of this Court.
9       IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is
10 dismissed with prejudice because it was not filed before the expiration of the statute of
11 limitations.
12      IT IS FURTHER ORDERED denying a Certificate of Appealability because jurist
13 of reason would not find it debatable whether this Court was correct in its procedural
14 ruling.
15      Dated this 24th day of October, 2014.

_____
Susan R. Bolton
United States District Judge